In the Matter of the Claim of ISRAEL LESSNER, Respondent, against 115–119 E. 90TH ST. CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a decision and award of the Workmen's Compensation Board in favor of the claimant for permanent partial disability from December 31, 1949, to February 10, 1950, at the rate of $14.08 per week reduced earnings. The claimant was found to have a permanent partial disability and the employer was directed to continue payments at the same rate until there was evidence of a change in condition or earnings. The claimant, sixty-seven years old, was employed as a night elevator operator in an apartment building in New York City. On September 11, 1944, while leaving the elevator he bumped his lower right leg against a piece of metal attached to and protruding from a pail of water which he was carrying, as a result he sustained accidental injuries in the nature of phlebitis, thrombophlebitis and ulceration of the right lower leg. On October 23, 1944, he resumed work at another apartment house where he remained until December 22, 1944, when he again ceased work because of recurrence of his ailment. On December 24, 1944, he was admitted to Lincoln Hospital for treatment of his leg which involved three operations. He was discharged on March 3, 1945, but continued to have treatments for many weeks. He resumed work on September 11, 1945, and continued at such occupation until November 24th of that year. Thereafter he was unable to do any work because of stiffness and pain in his foot and inability to walk. Awards for total disability were made to the claimant from September 14, 1944, to May 4, 1945, at the rate of $18.77 per week and for partial disability at $12 and $14.08 per week, reduced earnings for various periods from May 4, 1945, to February 10, 1950. The awards of compensation commencing with March 19, 1948, at the rate of $14.08 per week, reduced earnings, were based on a 25% earning capacity and it was found that claimant continued to have partial disability. The awards were all paid to November 1, 1949, at which time the carrier suspended further payments. The board found that claimant became disabled from December 31, 1949, to February 10, 1950, on which latter date he was permanently partially disabled. The board also found that claimant was suffering from permanent partial disability for the period and at the rate provided for in the award on appeal. The evidence sustains the finding. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Heffernan, J. P., Brewster, Deyo, Bergan and Coon, JJ.

In the Matter of the Claim of PEARL SYKES, Appellant, against HENS & KELLY CO., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board which denied her compensation as death benefits. Whether claimant's husband's fatal accident arose out of and in the course of his employment was a close question of fact under the circumstances shown. We may not say as a matter of law that the decision is without evidentiary support. Decision unanimously affirmed, without costs. Present — Heffernan, J. P., Brewster, Deyo, Bergan and Coon, JJ.